ORDERED.

**Dated:  June 02, 2016**



Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Carousel of Rockledge, Inc.** | **Case No: 15-bk-7715-KSJ**<br>**Jointly Administered with** |
| **Carousel Properties, Inc.** | **Case No.: 15-bk-07716-KSJ** |
| **Debtors.** | |

_____/

**AMENDED ORDER APPROVING DEBTORS' DISCLOSURE STATEMENT**
**AND CONFIRMING DEBTORS' CHAPER 11 PLAN OF REORGANIZATION**

This case came on for hearing on April 1, 2016, to consider approval of the Debtors' Joint

Disclosure Statement (Doc. No. 77) and confirmation of the Debtors' Joint Plan of Reorganization

(Doc. No. 76), and the First Supplement to Joint Plan (Doc. No. 89) [the "Plan"].  The Plan was

transmitted to creditors and interest holders.  After hearing on proper notice, upon the confirmation

affidavit presented at the hearing, and for the reasons stated orally and recorded in open court, the Court finds that the requirements of confirmation as set forth in 11 U.S.C. § 1129(a) are satisfied.

Accordingly, it is ORDERED:

1.      The Debtors' Joint Disclosure Statement (Doc. No. 77) is approved.

2.      The Plan, as supplemented (Doc. No. 89), is confirmed.

3.      The Debtors are authorized to execute all agreements and take all necessary actions to implement the Plan, as supplemented (Doc No. 89).

4.      The Debtors shall file all objections to claims within thirty (30) days.

5.      The Debtors are authorized to and shall deed the NLI Surrendered Collateral (as defined in the Plan) to NLI, and execute any other document necessary to effectuate transfer of clear, insurable title in the NLI Surrendered Collateral to NLI. The NLI Surrendered Collateral are more specifically described in Exhibit A attached hereto.

6.      The Debtors are authorized to and shall execute the documents contemplated in the Plan, as supplemented (Doc. No. 89), to retain the NLI Retained Collateral (as defined in the Plan) subject to NLI's existing lien, and any other document necessary to continue the extent, validity, and priority of NLI's existing lien against the NLI Retained Collateral. The NLI Retained Collateral is more specifically described in Exhibit B attached hereto.

7.      The Debtors shall execute the documents described in paragraphs 5 and 6 above and deliver those documents to NLI at a closing by the earlier of (i) three (3) business days before the Effective Date, or (ii) thirty (30) days after the date this Order is entered.

8.      Pursuant to the Plan and in accordance with 11 U.S.C § 1146(c), the issuance, transfer or exchange of securities pursuant to the Plan, or the transfer of, or creation of any lien on,

any property of the Debtor pursuant to this Plan or pursuant to an Order of the Court, shall not be taxed under any law imposing a stamp tax, transfer tax, recordation tax, or similar tax.

9.      The Debtors shall continue to pay quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing these chapter 11 cases, or enters an Order either converting these cases to cases under chapter 7 or dismisses these cases.

10.      The Debtors shall file a Certificate of Substantial Consummation and a Motion for Final Decree with thirty (30) days after the later of:

a. The Effective Date of the Plan; or

b. Disposition of all objections to claims, adversary proceedings and other contested matters.

11.      The Debtors shall file a report within ninety (90) days, if this case remains open; the report shall include: (1) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that the Debtors have substantially complied with the provisions of the confirmed Plan.

12.      The Debtors shall file with the Bankruptcy Court a financial report or statement of disbursements for each quarter (or portion thereof) that these chapter 11 cases remain open, in a format prescribed by the United States Trustee. These reports shall include any disbursements made from the sale or refinance of any real property. The Debtors shall also attach to the quarterly report copies of all refinancing and/or sale closing documents for any property sold during the applicable period.

13.      The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan of Reorganization and pursuant to the Order of Confirmation,

specifically including but not limited to, the jurisdiction to determine all objections to claims; to fix and award all compensation to parties; to hear and determine all questions concerning the assets or property of the Debtors, including any questions relating to any sums of money, services, or property due to the Debtors; and to determine all matters of any nature or type necessary or appropriate to carry out the Plan.

14.     All real estate taxes have been paid on all real properties of the Debtors'.  The Debtors will pay their pro rata share of 2016 real estate taxes on the NLI Surrendered Collateral (as defined in the Plan), through the date that the NLI Surrendered Collateral is transferred to NLI. The Debtors shall timely pay all real estate taxes accruing on the NLI Retained Collateral (as defined in the Plan).

15.     A schedule of payments to be made pursuant to the Plan is attached hereto as Exhibit C.

16.     A status conference in this case is scheduled for June 22, 2016, at 2:45 p.m., if the case is still pending.


Attorney Jeffrey S. Ainsworth is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

**EXHIBIT "A"**

PARCEL 1:

A parcel of land lying in Section 26, Township 24 South, Range 36 East, Brevard County, Florida, being more particularly described as follows:

Commence at the intersection of the South right of way line of Lucas Road (a 50 foot wide right of way) with the Easterly right of way line of State Road No. 3 (a 100 foot wide right of way also known as North Courtenay Parkway) and run South 18 degrees 34 minutes 18 seconds East along said Easterly right of way line, a distance of 157.88 feet to the POINT OF BEGINNING; thence continue South 18 degrees 34 minutes 18 seconds East along said Easterly right of way line, a distance of 123.13 feet; thence North 89 degrees 35 minutes 35 seconds East parallel with the aforesaid South right of way line of Lucas Road, a distance of 150.00 feet; thence North 00 degrees 19 minutes 28 seconds West a distance of 47.51 feet to a point on the Easterly extension of the South line of lands described in Official Records Book 619, Page 1029, of the Public Records of Brevard County, Florida; thence South 89 degrees 35 minutes 35 seconds West along said Easterly extension, a distance of 38.47 feet to the Southeast corner of said lands described in Official Records Book 619, Page 1029; thence North 00 degrees 23 minutes 55 seconds West along the West line of said lands, a distance of 69.49 feet to the Northeast corner of said lands; thence South 89 degrees 35 minutes 35 seconds West along the North line of said lands, a distance of 150.00 feet to the POINT OF BEGINNING.


PARCEL 2:

A parcel of land lying in Section 4, Township 25 South, Range 36 East, Brevard County, Florida, being more particularly described as follows:

Commence at the Northeast corner of the Northwest 1/4 of the Southeast 1/4 of said Section 4, and run South 00 degrees 08 minutes 33 seconds West along the East line of said Northwest 1/4 of the Southeast 1/4, a distance of 1128.23 feet to the POINT OF BEGINNING; thence North 66 degrees 56 minutes 40 seconds East a distance of 19.34 feet to a point on the Westerly right of way line of U.S. Highway No. 1, said point being the Westernmost point of a right of way transition as shown on Department of Transportation Right of Way Maps at road station 138+20.00, said point being also on a 7724.49 foot radius curve to the left; thence Southeasterly along said Westerly right of way line and along the arc of said curve, thru a central angle of 01 degrees 39 minutes 31 seconds a distance of 223.61 feet to a point on the centerline of a 20 foot wide Drainage Easement (indicated as a proposed 20 foot wide Drainage Easement on Department of Transportation Right of Way plans); thence South 65 degrees 17 minutes 09 seconds West along said centerline, a distance of 81.94 feet to a point on the Easterly right of way line of the Florida East Coast Railway Mainline (as now exists), said point being on a 2814.93 foot radius curve to the right; thence Northwesterly along said Easterly right of way line and along the arc of said curve, thru a central angle of 04 degrees 36 minutes 04 seconds a distance of 226.05 feet; thence North 66 degrees 56 minutes 40 seconds East a distance of 55.66 feet to the POINT OF BEGINNING.


AND

A parcel of land lying in Section 4, Township 25 South, Range 36 East, Brevard County, Florida, being more particularly described as follows:

**Exhibit "A" continued**

Commence at a railroad spike monumenting the Northeast corner of the Northwest 1/4 of the Southeast 1/4 of said Section 4, and run South 00 degrees 08 minutes 33 seconds West along the East line of said Northwest 1/4 of the Southeast 1/4, a distance of 1128.23 feet to a point on the North line of lands described in Official Records Book 2745, Page 1330; thence North 66 degrees 56 minutes 40 seconds East along said North line and on a bearing radial to the right of way of U.S. Highway No. 1, a distance of 19.34 feet to a point on the Westerly right of way of said U.S. Highway No. 1, said point being on a 7724.49 foot radius curve to the left; thence Southeasterly, along said right of way line and along the arc of said curve, thru a central angle of 01 degrees 39 minutes 31 seconds a distance of 223.61 feet to the Southeast corner of said lands described in Official Records Book 2745, Page 1330, the POINT OF BEGINNING; thence continue Southeasterly, along said right of way line and along the arc of said curve, thru a central angle of 00 degrees 44 minutes 30 seconds a distance of 100.00 feet to a point which is 100.00 feet distant, by right angle measurement, from the South line of the aforesaid lands described in Official Records Book 2745, Page 1330; thence South 65 degrees 17 minutes 09 seconds West, parallel with and 100.00 feet distant from said South line, a distance of 81.32 feet to a point on the Easterly right of way line of the Florida East Coast Railway, said point being on a 2814.83 foot radius curve to the right having a radial bearing of North 65 degrees 34 minutes 30 seconds East; thence Northwesterly, along the arc of said curve and along said Easterly right of way line, thru a central angle of 02 degrees 02 minutes 09 seconds a distance of 100.01 feet to the Southwest corner of the aforesaid lands described in Official Records Book 2745, Page 1330; thence North 65 degrees 17 minutes 09 seconds East along said South line and on a bearing radial to U.S. Highway No. 1, a distance of 81.94 feet to the POINT OF BEGINNING.

**Exhibit "B"**

PARCEL 3:

Commence at a point on the South line of the land conveyed by Robert P. McLarty and Dodo W. McLarty, husband and wife to Orange State Oil Co. which said point is 250 feet South and 25 feet East of the Northwest corner of the Northeast 1/4 of Section 9 and which point is also on the East line of Baldwin St., as widened, which is the POINT OF BEGINNING of the land herein described; thence for a first course run South on a line parallel to and 25 feet distant East from the West line of the Northeast 1/4 of said Section 9, also being along the East line of Baldwin St. as widened a distance of 90 feet to a point; thence for a second course run East parallel to and 90 feet distant South from the South line of the land conveyed to Orange State Oil Co., a distance of 200 feet to a point; thence for a third course run North parallel to and 200 feet distance East from the first course, a distance of 90 feet to the South line of the lands conveyed to Orange State Oil Co; thence for a fourth course, run West on the South line of the lands conveyed to Orange State Oil Co., a distance of 200 feet to the POINT OF BEGINNING. All lying and being situate in Section 9, Township 25 South, Range 36 East, Brevard County, Florida.

**Schedule of Payments**

| Creditor | Jun-16 | Jul-16 | Aug-16 | Sep-16 | Oct-16 | Nov-16 | Dec-16 | Jan-17 | Feb-17 | Mar-17 | Apr-17 | May-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FMCC Class 1 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 |
| NLI Class 2 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 |
| General Unsecured | $1,250.00 | | | $1,250.00 | | | $1,250.00 | | | $1,250.00 | | |

| Creditor | Jun-17 | Jul-17 | Aug-17 | Sep-17 | Oct-17 | Nov-17 | Dec-17 | Jan-18 | Feb-18 | Mar-18 | Apr-18 | May-18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FMCC Class 1 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 | $304.95 |
| NLI Class 2 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 |
| General Unsecured | $1,500.00 | | | $1,500.00 | | | $1,500.00 | | | $1,500.00 | | |

| Creditor | Jun-18 | Jul-18 | Aug-18 | Sep-18 | Oct-18 | Nov-18 | Dec-18 | Jan-19 | Feb-19 | Mar-19 | Apr-19 | May-19 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FMCC Class 1 | | | | | | | | | | | | |
| NLI Class 2 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 |
| General Unsecured | $1,750.00 | | | $1,750.00 | | | $1,750.00 | | | $1,750.00 | | |

| Creditor | Jun-19 | Jul-19 | Aug-19 | Sep-19 | Oct-19 | Nov-19 | Dec-19 | Jan-20 | Feb-20 | Mar-20 | Apr-20 | May-20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FMCC Class 1 | | | | | | | | | | | | |
| NLI Class 2 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 |
| General Unsecured | $2,000.00 | | | $2,000.00 | | | $2,000.00 | | | $2,000.00 | | |

| Creditor | Jun-20 | Jul-20 | Aug-20 | Sep-20 | Oct-20 | Nov-20 | Dec-20 | Jan-21 | Feb-21 | Mar-21 | Apr-21 | May-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FMCC Class 1 | | | | | | | | | | | | |
| NLI Class 2 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 | $4,007.59 |
| General Unsecured | $2,000.00 | | | $2,000.00 | | | $2,000.00 | | | $2,000.00 | | |